JOE F. and PATRICIA L. WILSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Wilson v. Commissioner
Docket No. 3791-73.
United States Tax Court
T.C. Memo 1974-125; 1974 Tax Ct. Memo LEXIS 191; 33 T.C.M. (CCH) 586; T.C.M. (RIA) 74125; May 14, 1974, Filed. *191 Bill McConnell, for the petitioners. Ray Collins, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1971 in the amount of $413.25. The only issue for decision is whether petitioners are entitled to deduct $2,170.32 which was the cost to petitioner Joe F. Wilson of driving his automobile to and from his residence to his place of employment as a carpenter, carrying certain carpentry tools with him. All of the facts have been stipulated and are found accordingly. Joe F. and Patricia L. Wilson, husband and wife, filed their joint Federal income tax return for the calendar year 1971 with the district director of internal revenue, Dallas, Texas. At the time of filing their petition in this case they were residents of Mineral Wells, Texas.
Joe F. Wilson, hereinafter referred to as petitioner, was employed during the year 1971 by James H. Conlee, Inc., a Texas corporation located in Fort Worth, Texas. During this year petitioner worked primarily for Conlee at job sites located in the Fort Worth area. Petitioner lived in Mineral Wells, Texas which is approximately 40 *192 miles from Fort Worth. Petitioner chooses to live in Mineral Wells, Texas because he cares for his father, a blind brother and his family, and oversees the family farm. During 1971 petitioner did not and has never claimed his father, brother or members of his brother's family as dependents on his Federal income tax returns. Petitioner provided his own transportation from his home in Mineral Wells, Texas to and from the job sites on which he worked located in the Fort Worth area. He transported portable power saws and portable power drills owned by his employer to and from the work sites. Petitioner transported this power equipment owned by his employer to prevent theft of the tools on the work site. It was necessary for petitioner to secure additional equipment from the employer's place of business and transport this equipment to the work site. On his Federal income tax return for the calendar year 1971 petitioner claimed as employee business expense the amount of $3,010.32 which he explained as automobile expense for which he was not reimbursed by his employer. Respondent in his notice of deficiency disallowed $2,170.32 of this claimed deduction. The amount of $840 of the *193 claimed automobile expenses which was not disallowed by respondent is based on an estimated 7,000 miles traveled by petitioner from the location of his employer's office to various job sites and return thereto. Respondent takes the position that it is now settled by the decision of the Supreme Court in , that no deduction is allowable to a taxpayer who commutes from his home to his place of business by private automobile carrying incidentals of his occupation with him where the taxpayer would have in any event commuted from his home to his place of business by private automobile. We agree with respondent in his interpretation of the Supreme Court's decision in the Fausner case. In fact, that decision affirms the position this Court has consistently taken except in those cases where we had previously been reversed by the United States Court of Appeals for the circuit to which an appeal in the case we were considering would lie. See . Petitioner in the instant case chose to live in Mineral Wells, Texas, 40 miles from the place where he was employed, for personal reasons. *194 There is nothing in this fully stipulated case to indicate that petitioner would not have driven to and from work even though he had not carried certain tools with him, and the clear inference is that even though he had not carried the tools with him he would have driven to and from his place of employment for personal reasons. We therefore sustain respondent's disallowance of the deduction of $2,170.32 of petitioner's claimed automobile expense. Decision will be entered for respondent.